**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLENE MIMS GARLIC, Plaintiff, v. NJ DIVISION OF YOUTH & FAMILY SERVICES and HAFEEZAH FITTS, Defendants. | CIVIL NO. 09-1550(NLH)(AMD) **OPINION** |

**APPEARANCES:**

CHARLENE MIMS GARLIC
1148 GLASSBORO RD
WILLIAMSTOWN, NJ 08094

 Appearing pro se

RAHAT N. BABAR
DEPARTMENT OF LAW & PUBLIC SAFETY
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625

 On behalf of defendants

**HILLMAN**, District Judge

 Plaintiff, Charlene Garlic, claims that defendants, the New Jersey Division of Youth and Family Services (DYFS) and DYFS caseworker Hafeezah Fitts, have violated her due process and equal protection constitutional rights because they refuse to let her have visitation with or custody of her grandchildren, and because Fitts has colluded with her daughter in the denial of her "grandparental" rights.  Plaintiff has brought her claims pursuant to 42 U.S.C. § 1983 and has requested six million dollars in damages, as well as injunctive relief ordering DYFS to allow her visitation with her grandchildren "without harassment" and to

destroy a file they have kept on her for over twenty years.
Defendants[1] have moved to dismiss plaintiff's complaint, arguing
that they are immune from suit.  Plaintiff has opposed defendants'
motion.  For the reasons expressed below, defendants' motion will
be granted.[2]

<u>**DISCUSSION**</u>

**A.    Jurisdiction**

Because plaintiff has brought claims pursuant to 42 U.S.C. §
1983 for alleged violations of her constitutional rights, this
Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

_____

[1]DYFS notes in its brief that there is no notation on the
docket that Fitts has been served, and counsel for DYFS has not
entered an appearance on her behalf.  Fitts, however, has been
sued in her official capacity, and DYFS's brief presents
arguments for why plaintiff's claims fail as to Fitts.  Further,
plaintiff did not file a proof of service as to either DYFS or
Fitts, but DYFS has not challenged service, and has consequently
waived such a challenge.  <u>See</u> Fed. R. Civ. P. 12(b)(h)(1).  Thus,
the Court will review the sufficiency of plaintiff's claims
against Fitts as properly raised by motion, and under its
inherent authority to dismiss the action "provided that the
complaint affords a sufficient basis for the court's action."
<u>Bryson v. Brand Insulations, Inc.</u>, 621 F.2d 556, 559 (3d Cir.
1980).

[2]Also pending is plaintiff's motion for an extension of time
to file her opposition to defendants' motion.  In defendants'
reply to plaintiff's opposition, defendants point out that
plaintiff's opposition was filed a week late, and asks the Court
not to consider it.  Plaintiff then filed a motion for extension
of time to file another opposition, which she appended to her
motion.  The Court will deny as moot plaintiff's motion, as the
Court, at its discretion, will consider the first opposition
plaintiff filed.  <u>See</u> Local Civ. R. 7.1(g)(7).

2

B.   **Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v.

3

Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly
expounded the pleading standard for 'all civil actions' . . . .");
Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)
(stating that the "Supreme Court's Twombly formulation of the
pleading standard can be summed up thus: 'stating ... a claim
requires a complaint with enough factual matter (taken as true) to
suggest' the required element.  This 'does not impose a probability
requirement at the pleading stage,' but instead 'simply calls for
enough facts to raise a reasonable expectation that discovery will
reveal evidence of' the necessary element").  A court need not
credit either "bald assertions" or "legal conclusions" in a
complaint when deciding a motion to dismiss.  In re Burlington Coat
Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The
defendant bears the burden of showing that no claim has been
presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)
(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409
(3d Cir. 1991)).

   C.   Analysis

     In her complaint, plaintiff is seeking two things: (1) damages
in the amount of six million dollars for DYFS's and Fitts's
violation of her equal protection and due process rights, and (2)
an injunction ordering DYFS to allow her to visit with her
grandchildren, and expunging a file they have kept on her for over
twenty years.  This Court cannot grant either relief, and,

4

therefore, plaintiff's complaint must be dismissed.

First, plaintiff's claims for money damages against DYFS and Fitts, who has been sued in her official capacity, are barred by the doctrine of sovereign immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (stating that § 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity"); Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (stating that suing a government employee in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent"); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (finding that the Eleventh

5

Amendment has been interpreted to bar suits for monetary damages by private parties in federal court against a state, state agencies, or state employees sued in their official capacity).[3]

Additionally, neither DYFS nor Fitts, sued in her official capacity, are "persons" under § 1983, which is a requirement for money damages under § 1983.  See Will, 491 U.S. at 66, 71 (stating that a state is not a "person" within the meaning of § 1983, and a "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the State itself").

Second, the Court cannot entertain plaintiff's request for injunctive relief.  With regard to plaintiff's request that this Court order DYFS to grant her visitation with her grandchildren "without harassment" and destroy the file DYFS has on her, the Court is prohibited from granting such relief.  Because DYFS's

---

[3]Plaintiff argues that DYFS is not the "state," but rather more comparable to a municipality, which can be sued pursuant to § 1983.  This argument is unsupportable.  See Metz v. New Jersey Dept. of Human Services, 2007 WL 2416435, *3 (D.N.J. 2007) (citing Quern, 440 U.S. at 350; Will, 491 U.S. at 71; Simmerman v. Corino, 804 F. Supp. 644, 650 (D.N.J. 1992) (finding "beyond dispute" that DYFS and its satellite offices are arms of the state and thus not subject to liability under § 1983)).

decisions regarding visitation rights of grandparents are effected through the state court, see N.J.S.A. 9:2-7.1 ("A grandparent . . . may make application before the Superior Court, in accordance with the Rules of Court, for an order for visitation.  It shall be the burden of the applicant to prove by a preponderance of the evidence that the granting of visitation is in the best interests of the child."), the Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts: "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

Further the Rooker-Feldman doctrine prohibits this court from maintaining subject matter jurisdiction over plaintiff's request which effectively seeks to vacate an order of the New Jersey Superior Court.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005) (explaining that in the Rooker and Feldman cases, plaintiffs in both cases, alleging federal-question jurisdiction, called upon the district court to overturn an injurious state-court judgment).  Additionally, although it not clear from plaintiff's complaint, issues of abstention may be implicated.  See, e.g., Weinstein v. Lasover, 1993 WL 475505, *2 (E.D. Pa. 1993) (abstaining under Younger v. Harris, 401 U.S. 37 (1971), which is the abstention doctrine resting on a strong

federal policy of noninterference with pending state judicial
proceedings, from issuing an injunction enjoining the enforcement
of a visitation and support order); Colorado River Water
Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)
(providing that federal district courts may abstain from hearing
cases and controversies under "exceptional circumstances where the
order to the parties to repair to the state court would clearly
serve an important countervailing interest").

To the extent that plaintiff's complaint can be construed[4] as
requesting prospective injunctive relief against Fitts, the law
provides a possible basis for that relief.  The judicial doctrine
of Ex Parte Young allows suits against states in federal court
seeking prospective injunctive relief to proceed only against state
officials acting in the official capacities.  See Ex Parte Young,
209 U.S. 123 (1908).  The exception created by Ex Parte Young has
been interpreted to allow suits against state officials for
prospective and declaratory relief in order to end continuing
violations of federal law.  Balgowan v. State of New Jersey, 115
F.3d 214, 217 (3d Cir. 1997); see also Doe v. Division of Youth and
Family Services, 148 F. Supp. 2d 462, 483 (D.N.J. 2001).  This
doctrine is not applicable, however, if "the relief sought
nominally against an officer is in fact against the sovereign if

---

[4]"[A] pro se complaint, however inartfully pleaded, must be
held to less stringent standards than formal pleadings drafted by
lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976).

the decree would operate against the latter," and, as when the state or state agency itself is named as the defendant, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984) (citations omitted).  Further, "a federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."  Id. at 104.  Thus, the Ex Parte Young doctrine does not apply when a suit is ultimately asking a federal court to direct a state official on how to operate under state law.

Based on the claims in plaintiff's complaint, it is clear that the Ex Parte Young doctrine is not implicated.  The content of plaintiff's claims against Fitts are that plaintiff was denied visitation rights because Fitts "inserted herself on a personal basis" with one grandchild's family despite being "recused from the situation due to personal involvement," and Fitts's actions "violate[] the policy of state employees who work for DYFS." Although plaintiff claims that her due process and equal protection

rights were violated by Fitts, plaintiff is not seeking an injunction against Fitts to stop any continuing constitutional violations by Fitts.  Rather, to the extent that plaintiff is complaining that Fitts is continuing to be personally involved and is asking this Court to enjoin Fitts from this behavior, the basis for this request is on Fitts' non-compliance with state DYFS regulations, which causes the Ex Parte Young doctrine to be inapplicable.  Additionally, it appears that the injunctive relief requested by plaintiff is really directed at DYFS and/or the state courts to grant her visitation rights, which does not implicate the Ex Parte Young doctrine.  Moreover, even if the court were to enjoin Fitts, such an injunction would operate against DYFS, which is prohibited as explained above.  Finally, taking as true plaintiff's claims that Fitts acted outside the scope of her official duties, the Ex Parte Young doctrine is not applicable to claims against state officers acting in their personal capacities.

Consequently, because the Court cannot grant plaintiff the relief she has requested, plaintiff's complaint must be dismissed. An appropriate Order will be entered.


Date: August 24, 2009                         s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.


10